O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCOTT LIND,<br><br>              Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. EDCV 14-1474 RNB<br><br>ORDER REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.    Reversal is not warranted based on the ALJ's consideration of the treating physicians' opinions (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's rejection of the opinions of three

---

[1] The decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

of plaintiff's treating physicians: Dr. Prete, Dr. Tan, and Dr. Gilbert. (See Jt Stip at 4-13.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, a treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).[2]

//
//

---

[2] Although the record does not clearly show the extent of Dr. Gilbert's treating relationship with plaintiff, the ALJ considered Dr. Gilbert to be a treating physician. (See AR 30.) The Court notes that, even if Dr. Gilbert was only an examining physician, the legal standard applicable to his opinion would have been the same. See Lester, 81 F.3d at 830-31.

<u>Dr. Prete and Dr. Tan</u>

The ALJ considered the opinions of Dr. Prete and Dr. Tan collectively. (<u>See</u> AR 30.)

Dr. Prete, a rheumatologist, issued an opinion about plaintiff's limitations from rheumatoid arthritis. (<u>See</u> AR 893-99.) Dr. Tan, an internist, issued an opinion about plaintiff's limitations from rheumatoid arthritis and other impairments. (<u>See</u> AR 900-07.) Both physicians opined that plaintiff would be limited to (1) lifting 5-10 pounds frequently and 10-20 pounds occasionally; and (2) standing or walking for one hour in an eight-hour workday. (<u>See</u> AR 896, 897, 902, 903.) Moreover, both physicians opined that plaintiff's symptoms and limitations began in 2008. (<u>See</u> AR 899, 906.)

The ALJ accorded "little weight" to Dr. Prete's and Dr. Tan's opinions because plaintiff "worked until February 2010 and described work activities (including lifting, standing, and walking) in excess of the treating physicians' restrictions." (<u>See</u> AR at 30; <u>see also</u> AR 51-52, 71, 155, 156.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely to accord little weight to Dr. Prete's and Dr. Tan's opinions. <u>See</u> <u>Valentine v. Commissioner Social Sec. Admin.</u>, 574 F.3d 685, 692-93 (9th Cir. 2009) (ALJ properly rejected treating physician's opinion that claimant was unemployable during time he was continuing to work full-time); <u>see also</u> <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ properly discounted physician's opinion about limitations for period during which claimant completed high school, obtained college degree, finished nurse training program, and participated in military training).

Moreover, since this was a legally sufficient reason on which the ALJ could properly rely to accord little weight to Dr. Prete's and Dr. Tan's opinions, it is unnecessary for the Court to address whether the ALJ's other stated reason for according little weight to Dr. Prete's and Dr. Tan's opinions was legally sufficient. <u>See</u> <u>Howell v. Commissioner Social Sec. Admin.</u>, 349 Fed. Appx. 181, 184 (9th Cir. 2009) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (upholding

ALJ's rejection of treating physician's opinion where ALJ "had enough evidence" to do so, without regard to whether all of the ALJ's reasons for doing so were legally sufficient); Donathan v. Astrue, 264 Fed. Appx. 556, 559 (9th Cir. 2008) (where ALJ provided proper, independent reasons to reject treating physicians' opinions, any error the ALJ may have committed as to other reasons was harmless or inconsequential).

Dr. Gilbert

Dr. Gilbert, a rheumatologist, issued an opinion about plaintiff's limitations from erosive polyarthritis. (See AR 908-14.) Dr. Gilbert opined that plaintiff would be limited to (1) lifting 0-10 pounds occasionally, and (2) standing or walking for one hour in an eight-hour workday. (See AR 911, 912.) Dr. Gilbert also opined that plaintiff's symptoms and limitations began in September 2006. (See AR 914.)

The ALJ accorded "little weight" to Dr. Gilbert's opinion because he had assessed limitations in lifting, standing, and walking that were not consistent with plaintiff's actual work activities in 2007 and 2008. (See AR 31; see also AR 51, 71-72, 155, 156.) As in the case of Dr. Prete and Dr. Tan, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely to accord little weight to Dr. Gilbert's opinion. It therefore is unnecessary for the Court to address whether the ALJ's other stated reasons for according little weight to Dr. Gilbert's opinion were legally sufficient.

**B.    The ALJ failed to make a proper adverse credibility determination (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 13-19.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the

4

claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Plaintiff alleged that he was no longer able to work because of rheumatoid arthritis, osteoarthritis, asthma, a heart stent, and degenerative disc disease of the lumbar spine. (See AR 65, 88.) Plaintiff testified that due to his impairments, he was limited to standing for 4-5 minutes at a time, sitting for half an hour at a time, and lifting ten pounds. (See AR 53.) He also testified that on a scale of zero to ten, his pain was five or six. (See AR 58.)

The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (See AR 33.) In support of this adverse credibility determination, the ALJ proffered four reasons. (See AR 32.) The Court finds that none of the four reasons was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination.

First, the ALJ found that plaintiff's "allegations of generally disabling symptoms and limitations are not corroborated by the evidence." The Court finds that this vague reason was not legally sufficient because the ALJ did not specify what medical evidence supported his rationale or explain how that evidence undermined plaintiff's subjective symptom testimony. See Treichler v. Commissioner of Social

1  Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague allegation that
2  a claimant's testimony is not consistent with the objective medical evidence, without
3  any specific findings in support of that conclusion, is insufficient for our review.")
4  (citation and internal quotation marks omitted); Parra v. Astrue, 481 F.3d 742, 750
5  (9th Cir. 2007) ("The ALJ must provide 'clear and convincing' reasons to reject a
6  claimant's subjective testimony, by specifically identifying 'what testimony is not
7  credible and what evidence undermines the claimant's complaints.'") (quoting Lester,
8  81 F.3d at 834); Dodrill, 12 F.3d at 918 ("It's not sufficient for the ALJ to make only
9  general findings; he must state which pain testimony is not credible and what
10 evidence suggests the complaints are not credible.").[3]

11      Second, the ALJ found that the record indicated plaintiff had received
12 unemployment benefits. (See AR 32; see also AR 430, 705.) The ALJ explained that
13 an application for unemployment benefits, "while not precluding the receipt of Social
14 Security disability benefits, requires an individual to certify that he was willing and
15 able to engage in work activity" and that "[t]his is not consistent with a claim of

---

[3] Although the Commissioner cites evidentiary findings made by the ALJ in other portions of his opinion that purportedly support this part of the adverse credibility determination (see Jt Stip at 16-17), the ALJ did not specifically link these findings to his adverse credibility determination. Accordingly, the Court cannot consider them as part of that determination. See Burrell v. Colvin, 775 F.3d 1133, 1139 (9th Cir. 2014) (rejecting link between ALJ's findings about medical record and adverse credibility determination elsewhere in the opinion where the ALJ "never stated that he rested his adverse credibility determination on those findings" and "did not make a specific finding linking a lack of medical records to Claimant's testimony"); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (rejecting link between ALJ's finding of possibly adverse evidence and adverse credibility determination in other portion of decision where ALJ did not "specifically link" the evidence to his conclusion that claimant's excess pain testimony lacked credibility); see also Vasquez v. Astrue, 572 F.3d 586, 592 (9th Cir. 2009) (declining to attribute ALJ's discussion of physicians' opinions to adverse credibility determination in other portion of ALJ's decision).

disability." (See AR 32.) The Court is mindful that a claimant's receipt of unemployment benefits could be a legally sufficient reason to find a claimant not credible if it evidenced that the claimant considered himself capable of work and held himself out as available for work. See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988). However, as the ALJ noted here, a claimant's receipt of unemployment benefits does not preclude receipt of Social Security benefits: for example, a person capable of only part-time work may receive benefits under both programs. Compare Cal. Unemp. Ins. Code § 1253.8 (an individual shall not be disqualified from unemployment benefits solely on the basis that he is only available for part-time work); with 20 C.F.R. § 404.1545(b) (claimant under the Social Security Act is assessed for his capacity to work "on a regular and continuing basis"); and Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (defining "a regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Accordingly, a claimant's receipt of unemployment benefits does not necessarily constitute a legally sufficient reason for an adverse credibility determination when the record "does not establish whether [the claimant] held himself out as available for full-time or part-time work." See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1161-62 (9th Cir. 2008); see also Giuliano v. Colvin, 577 Fed. Appx. 859, 865 (10th Cir. 2014) (noting that claimant who was receiving unemployment benefits was also looking for part-time work, which may not have been inconsistent with allegations of total disability under the Social Security Act); Mulanax v. Commissioner of Social Sec., 293 Fed. Appx. 522, 523 (9th Cir. 2008) (receipt of unemployment benefits that were payable to applicants available for temporary or part-time jobs was not necessarily inconsistent with a claim of disability under the Social Security Act).

      Here, although the record does contain evidence that plaintiff was "on unemployment" (see AR 430, 705), the record does not provide any context for that evidence. The record does not contain plaintiff's unemployment benefits application,

does not specify whether plaintiff claimed he was available for full-time or part-time work, and does not otherwise specify the basis for any application for unemployment benefits. Accordingly, the Court finds that the evidence in the record that plaintiff was "on unemployment" did not give rise to a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Plummer v. Colvin, 2014 WL 7150682, at *16 (D. Az. Dec. 16, 2014) (claimant's receipt of unemployment benefits was not clear and convincing reason for ALJ's adverse credibility determination where the record did not contain the unemployment benefits application nor establish the manner in which claimant held herself out as available for work in completing any such application); Wood v. Colvin, 2014 WL 4407719, at *9 (E.D. Wash. Sept. 8, 2014) (same where record contained no certification by claimant that he was physically and mentally able to work full-time); Miller v. Colvin, 2014 WL 1873276, at *4 (C.D. Cal. May 9, 2014) (same where there was no indication whether claimant based her claim for unemployment benefits on full-time or part-time work); Ellis v. Astrue, 2011 WL 5025839, at *5-*6 (D. Or. Oct. 20, 2011) (same where record did not contain claimant's unemployment benefits application).

Third, the ALJ found that the record contained "some evidence of non-compliance with medication." (See AR 32; see also AR 645, 647.) In general, an ALJ may base his adverse credibility determination on a claimant's unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment. See Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989). Here, the evidence cited by the ALJ pertained to a single incident in November 2011, when plaintiff was traveling in Texas and sought medical attention for shortness of breath, after having forgotten to bring his water pills on the trip and not having taken a dose in ten days. (See AR 645, 647.) Thus, while the record did contain a quantum of evidence showing that plaintiff did not take one of his (many) medications for ten days, the Court finds that this reason did not constitute a legally sufficient reason on

which the ALJ could properly rely in support of his adverse credibility determination because plaintiff's non-compliance was an accidental, brief, and isolated incident, which was preceded and followed by years of plaintiff's compliance with his treatment. See Burrell, 775 F.3d at 1140 (noting that "one weak reason" is insufficient to meet the "specific, clear, and convincing" standard for an ALJ's adverse credibility determination); Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (noting that "we must consider the entire record on the whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence"); cf. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (upholding ALJ's adverse credibility determination where "the record was filled with evidence" that the claimant had improperly failed to obtain treatment).

Fourth, the ALJ found that plaintiff's hearing testimony about how far he could walk was inconsistent with the record: in response to the ALJ's question about "restrictions in walking," plaintiff testified that he walked his dog every day for one or two blocks; but the record reflected that he stated he could walk one half to one mile. (See AR 32; see also AR 53, 160, 430, 443, 705, 877, 884.) In general, an ALJ may base his adverse credibility determination on inconsistencies in a claimant's statements about his daily activities. See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). Here, however, the purported inconsistency was not clear from the record; rather, both the ALJ's question and plaintiff's response were ambiguous as to whether plaintiff was being asked or testifying about his maximum walking capacity. Moreover, the record is not clearly inconsistent with plaintiff's hearing testimony. For example, the record reflects that plaintiff's walking distance waxed and waned, so that plaintiff's hearing testimony that he walked for one or two blocks was consistent with evidence in the record that reflected plaintiff walked for only one-fourth or one-half of a mile. (See AR 430, 741, 800.) The record also reflects that when plaintiff walked for longer distances, he did so with serious difficulties and had

to rest for 20 minutes, had trouble breathing, had to use a knee brace and cane, and walked with a limp. (See AR 160, 162.) The Court therefore cannot find that plaintiff's ability to walk, in this fuller context, was a legally sufficient basis for the ALJ's finding that plaintiff had made inconsistent statements about his daily activities. See Reddick, 157 F.3d at 722-23 and n.1 (ALJ's adverse credibility determination premised on a claimant's daily activities must consider the full context of the activities, such as whether they were sporadic or punctuated with rest).

Accordingly, the Court finds that reversal is warranted based on the ALJ's failure to make a proper adverse credibility determination.

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends that he is entitled to an award of benefits because of an ALJ's failure to properly consider his subjective symptom testimony or medical evidence, the Court applies a three-step framework. See Treichler, 775 F.3d at 1099-1102; see also Burrell, 775 F.3d at 1141-42; Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony

or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Treichler, 775 F.3d at 1100-01 (citations omitted). Only when all three elements are satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. See id.

As an initial matter, the Court notes that while plaintiff has made a cursory assertion that he is entitled to an award of benefits (see Jt Stip at 19), he has completely failed to proffer any argument for that remedy in light of the foregoing case authorities and has made no attempt to show that this case raises the rare circumstances that would warrant remand for an award of benefits. Plaintiff's failure to adequately brief the issue of the appropriate remedy militates in favor of the Court exercising its discretion to remand for further proceedings. See Vasquez, 572 F.3d at 597 (remanding for further proceedings where neither party presented any argument about the effect of the ALJ's errors, meaning that there were no facts presented that clearly indicated the proper outcome).

Two other considerations also militate in favor of the Court exercising its discretion to remand for further proceedings. First, the record contains no vocational expert testimony reflecting that a person could not work with the limitations described by plaintiff's subjective symptom testimony. See Harman v. Apfel, 211 F.3d at 1172, 1180 (9th Cir. 2000) (remanding for further proceedings in part where there was no testimony from the vocational expert that the limitations established by the improperly discredited evidence would render claimant unable to engage in any work); see also Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135,

1138 (9th Cir. 2011) (same where the record does not demonstrate the claimant is disabled within the meaning of the Social Security Act).

Second, the evidence in the record regarding a possible disability onset date is conflicting and ambiguous. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (remanding for further proceedings where the case has an "outstanding issue" of "when Luna's disability began"); Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1300 (9th Cir. 1999) (same where disability onset date remained an unresolved issue); House v. Colvin, 583 Fed. Appx. 628, 629-30 (9th Cir. 2014) (same after noting that "Social Security regulations make clear that determination of a disability onset date is a complex and fact-specific inquiry").

Based on its review and consideration of the entire record, the Court therefore has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: April 23, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.